An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA CARY MYERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62458

**FILED**

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Joshua Cary Myers' post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Myers contends that the district court erred by denying his claims that counsel was ineffective and failing to conduct an evidentiary hearing on these claims. We review the district court's resolution of ineffective-assistance claims de novo, giving deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). "We review the district court's determination that a petitioner is not entitled to an evidentiary hearing for abuse of discretion." *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010).

The district court found that Myers was not entitled to an evidentiary hearing on his claims that counsel was ineffective for (1) failing to suppress statements that he made to the police without a *Miranda* warning and (2) failing to present any mitigating evidence at

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31157

sentencing because these claims were belied by the record. Based on testimony presented during the evidentiary hearing on Myers' motion to withdraw guilty plea, the district court found that defense counsel and Myers discussed the *Miranda* issues before Myers entered his guilty plea, counsel explained to Myers that *Miranda* was not applicable to most of his interviews because he was not detained and had participated voluntarily, counsel explained that the damage from these interviews was damning and could not be cured by suppressing the remaining interviews, and Myers appeared to understand counsel's explanations and did not raise the issue again. Based on the sentencing transcript, the district court found that defense counsel provided mitigation by emphasizing Myers' lack of violent criminal history and struggles with alcohol and methamphetamine abuse, cross-examining the State's witnesses, and filing a statement of mitigation on Myers' behalf. The district court further found that Myers was not prejudiced by counsel's performance because, even if additional mitigating evidence had been presented, the district court would not have varied its sentencing decision given the horrific nature of the crime and Myers' complete lack of remorse.

Our review of the record reveals that the district court's factual findings are supported by substantial evidence and are not clearly wrong, and Myers has not demonstrated that the district court erred as a matter of law. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (explaining that a petitioner is only

entitled to an evidentiary hearing if he has asserted specific factual allegations that are not belied or repelled by the record and that, if true, would entitled him to relief).  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Janet J. Berry, District Judge
      State Public Defender/Carson City
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk